UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

VIVIAN JANET BOWMAN, Plaintiff,

v. Civil Action No. 3:15-cv-268-DJH

ROBERT EARL CORTELLESSA, Defendant.

* * * * *

## MEMORANDUM OPINION

Plaintiff, Vivian Janet Bowman, filed a *pro se*, *in forma pauperis* complaint (DN 1). This matter is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

A review of the complaint and attachments thereto reveal that Plaintiff had been married to Defendant, Robert Earl Cortellessa, while Defendant was in "the National Guard and or Army Reserves." Plaintiff asserts that she "should have been awarded ONE HALF of husband's military retirement pay accrued from date of marriage until date of divorce." Plaintiff and Defendant divorced over 30 years ago, in 1984, as evidenced by the copy of the Supplemental Decree of Dissolution of Marriage, Woodford (Kentucky) Circuit Court, Case No. 84-CI-191, attached to the complaint.

The first page of the complaint alleges that the Kentucky court will not recognize that she was married to Defendant and does not recognize their "legal children." She states that "[t]his is [her] motion to be recognized." Plaintiff attaches an order dated February 11, 2015, from the Kentucky Supreme Court denying discretionary review in *Bowman v. Cortellessa*, 2014-SC-

000199-D. Plaintiff alleges that the "law is clear Federal Uniformed Services Former Spouse Protection Act 1982 I should have been awarded One Half of whatever pension benefits were earned by husband defendant Robert E. Cortellessa during our marriage." She further alleges that she is "entitled to relief from divorce judgment which did not address equitable distribution of former husband's military pension."

## II. ANALYSIS

Because Plaintiff is proceeding *in forma pauperis*, this Court must review the instant action. *See* 28 U.S.C. § 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d at 604-05. Upon review, this Court must dismiss a case at any time if the Court determines that the action is "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Additionally, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l.*, 556 F.3d 459, 465 (6th Cir. 2009). Upon examination of the complaint and attachments thereto, it is clear that this Court lacks jurisdiction over Plaintiff's claims based on her divorce from Defendant in 1984. The United States Supreme Court has long held that the federal courts lack jurisdiction over questions of divorce, alimony, or child custody. *See Barber v. Barber*, 62 U.S. 582, 584 (1858). "Even when brought under the guise of a federal question action, a suit whose subject is domestic relations generally will not be entertained in a federal

court." *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981). "The whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593-94 (1890); *see also Partridge v. Ohio*, 79 F. App'x 844, 845 (6th Cir. 2003) ("Federal courts have no jurisdiction to resolve domestic relations disputes involving child custody or divorce."); *Danforth v. Celebrezze*, 76 F. App'x 615, 616 (6th Cir. 2003) ("[F]ederal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues."). Thus, dismissal for lack of subject-matter jurisdiction is appropriate. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Even if this Court did have jurisdiction over the subject matter of this action, the instant case is barred by the *Rooker-Feldman* doctrine, as it seeks to attack a final judgment entered by the state court. *Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 & n.16 (1983); *Rooker v. Fid. Trust Co.*, 263 U.S. 413, 415-16 (1923). The doctrine prevents both a direct attack of the substance of a state-court decision and a challenge to the procedures used by the state court in arriving at its decision. *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 493 (6th Cir. 2001). The *Rooker-Feldman* doctrine is, therefore, directly applicable. Because Plaintiff is "asking this Court to enter an order that will effectively render the final judgment entered by the state court null and void" her complaint is "subject to dismissal for lack of subject matter jurisdiction and fails to state a claim upon which relief may be granted." *McCroy v. N.Y. Bank & Trust Co.*, No. 08-12701, 2008 WL 2714116, at *1 (E.D. Mich. July 07, 2008); *see also Partridge*, 79 F. App'x at 845-46 (holding that not only did district court lack subject-matter jurisdiction over what was essentially a domestic-relations case, the case was barred by the

*Rooker-Feldman* doctrine because it was essentially an impermissible appeal of the state court's judgment).

Additionally, the Court observes that Plaintiff was already on notice when she filed this action that no federal jurisdiction exists over this action because the Eastern District of Kentucky ruled precisely that in an almost identical action she filed in that court in 2012. *See V. Janet Bowman v. Robert E. Cortellessa*, Civil Action No. 5:12-cv-47-JMH. The Eastern District of Kentucky's ruling should have come as no surprise to her because Plaintiff also filed essentially the same suit against the Defendant herein in 2000 in the District Court of Arizona. The Arizona district court's summary dismissal of her claim explained that a federal court lacks jurisdiction over questions related to domestic relations and that a federal court's review of a state-court judgment is impermissible. *V. Janet Bowman v. Robert E. Cortellessa*, 4:00-cv-554-ACM (D. Ariz. Order entered 10/12/2000, DN 3). The Ninth Circuit Court of Appeals affirmed the Arizona district court's dismissal. *V. Janet Bowman v. Robert E. Cortellessa*, No. 00-17302 (9th Cir. Order entered 4/13/01, DN 19).[1]

Thus, this Court finds this action to be malicious within the meaning of § 1915(e)(2)(B). "A complaint is malicious when it 'duplicates allegations of another [ ]federal lawsuit by the same plaintiff.'" *Daley v. U.S. Dist. Court Dist. of Del.*, 629 F. Supp. 2d 357, 359-60 (D. Del. 2009) (internal citations omitted); *see also Jennings v. Rastaher*, No. 1:13-cv-868, 2014 WL 116672 (S.D. Ohio Jan. 10, 2014) ("The filing of duplicate lawsuits is malicious . . . ."); *Hahn v. Tarnow*, No. 06-CV-12814, 2006 WL 2160934, at *1 (E.D. Mich. July 31, 2006); *Ballentine v. Crawford*, 563 F. Supp. 627, 629 (D.C. Ind. 1983) ("A complaint that merely repeats pending or previously litigated claims may be considered abusive . . . ."). "[A] complaint is malicious under

---

[1] A review of PACER reveals at least 46 federal district court cases initiated by Plaintiff in this Court, the Eastern District of Kentucky, and district courts in Ohio, Virginia, and Texas, among others. Eighteen of those have been filed in this Court.

4

§ 1915(d) if it is repetitive or evidences an intent to vex defendants or abuse the judicial process by relitigating claims decided in prior cases." *Washington v. Reno*, No. 95-5062, 1995 WL 376742, at *1 (6th Cir. June 22, 1995).

Finally, it appears that the doctrine of *res judicata* bars this action as well. The doctrine of *res judicata* prohibits a plaintiff from relitigating a claim that was asserted or which could have been asserted in earlier litigation against the same defendants or their privies. *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 398 (1981); *Mitchell v. Chapman*, 343 F.3d 811, 819 (6th Cir. 2003). The elements of *res judicata* are: "(1) there is a final decision on the merits of the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is identity of claims." *Walker v. Gen. Tel. Co.*, 25 F. App'x 332, 336 (6th Cir. 2001) (citing *Sanders Confectionery Prod., Inc. v. Heller Fin., Inc.*, 973 F.2d 474, 480 (6th Cir. 1992)). Here, because the Court lacks subject-matter jurisdiction and because dismissal of the instant complaint as malicious is appropriate, the Court will not consider whether Plaintiff's claim is barred by *res judicata*.

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss the instant action.

Date: June 24, 2015

David J. Hale, Judge
United States District Court

cc: Plaintiff, *pro se*
4415.009

5